UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JORDAN RINDGEN

                            Plaintiff,

-vs-

BROOME COUNTY, et. al.

                            Defendants.

**AMENDED ANSWER OF DEFENDANTS, BROOME COUNTY, BROOME COUNTY DISTRICT ATTORNEY'S OFFICE, AMANDA CRONIN, JEFF J. WAGNER AND ANY UNNAMED BROOME COUNTY DEFENDANTS**

Civil Action No. 3:24-cv-01325(AJB/ML)

      The Defendants, Broome County, Broome County District Attorney's Office, Assistant District Attorney Amanda Cronin, Broome County District Attorney's Investigator Jeff J. Wagner and any unnamed Broome County Defendants, by and through their attorney Cheryl D. Sullivan, Broome County Attorney, for her Answer to the Complaint alleges as follows:

    1.    Admit the allegations contained in paragraphs 119 and 133 of the Complaint.

    2.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 17, 18, 35-37, 38-54, 55-65, 66-69, 72, 73(a-f), 74-91, 92(a-b i & ii), 93-108, 110, 115, 120, 124, 138, 139, 141(a-c), 144, 145, 161(a-e), 168, 171, 175, 177-179, 250-251, 254, 255 of the Complaint.

    3.    Deny the allegations contained in paragraphs 2, 4-6, 8-10, 70, 113, 114, 121, 122, 123(a-e), 126-132, 134-137, 142, 143, 146-149, 151-155, 159, 160, 162, 169, 176, 186-194, 196-

197, 199-200, 202-210, 212-216, 218, 219(a-h), 220, 221, 223-229, 237-245, 247-249, 252, 253,257, 259-262, 264-266, 269-272, 274-276, 279. 280 of the Complaint.

    4.    With respect to the allegations contained in paragraph 1 of the Complaint, admit that the Plaintiff alleges a violation of his civil rights and deny as to the remaining allegations of said paragraph.

    5.    With respect to the allegations contained in paragraph 11 of the Complaint, admit that Plaintiff was acquitted at trial and denies the remaining allegations in said paragraph.

    6.    With respect to the allegations contained in paragraph 71 of the Complaint, admit that witness so testified at trial and attempted to recant said testimony but was not permitted to do so.

    7.    With respect to the allegations contained in paragraph 109 of the Complaint, admit that a meeting was held between representatives of the Broome County District Attorney's Office and Binghamton Police Department, deny knowledge or information sufficient to form a form a belief as to the truth or falsity of the date on which it occurred and deny as to the remaining allegation in said paragraph.

    8.    With respect to the allegations contained in paragraph 111 of the Complaint, admit that conversations did take place as to cell phone evidence and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations.

    9.    With respect to the allegations of paragraph 112 of the Complaint, admit that Assistant District Attorney Alyssa Congdon was assigned to the case involving the Plaintiff and deny the remaining allegations.

    10.    With respect to the allegations of paragraph 116 of the Complaint, admit that Defendant Herceg did initially so testify and attempted to recant but was not permitted by the Court to do so.

11. With respect to the allegations of paragraphs 117 and 118 of the Complaint, they refer to written motions which are referred to the Court for proper interpretation and application of the facts, if any, to this matter.

12. With respect to the allegations of paragraphs 125, 150, 156-158, 163-166, 172-174, and 180, 182-185 of the Complaint, they refer to the results of judicial proceedings and are referred to the Court for proper interpretation and application of facts, if any, to this matter.

13. With respect to the allegations contained in paragraph 140 of the Complaint, they refer to statutes of New York State and are referred to the Court for interpretation and applications of the facts, if any, to this matter.

14. With respect to the allegations of paragraph 167 of the Complaint, admit that Defendants Herceg and Demkovich agreed to imaging of their cellular phones and deny as to the remaining allegations.

15. With respect to the allegations of paragraph 170 of the Complaint, admit that defense counsel was granted access to hard drive materials, deny as to the remaining allegations of the paragraph.

16. With respect to the allegations of paragraph 181 of the Complaint, refers to judicial proceedings which are referred to the Court for interpretation and application of facts, if any, to this matter and deny as to the remainder of the allegations.

17. With respect to the allegations of paragraphs, 195, 201, 211, 217, 222, 230, 246, 258, 263, 267, 273, 277 of the Complaint, Defendants repeat and reallege the preceding paragraphs of this Answer.

18. With respect to the allegations contained in paragraphs 3, 7, 12-17, 19-34, 198, 231-236, 256, 268 and 278 of the Complaint are conclusions of law that are referred to the the Court for

interpretation and application of the facts, if any, to this matter and deny as to all remaining allegations of the paragraphs.

19. Denies each and every allegation not specifically admitted, controverted, or denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. Defendants allege that the Plaintiff's complaint fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Defendants allege that the damages set forth in Plaintiff's complaint were the result of the negligence, superseding negligence and/or culpable conduct of parties over whom Defendants exercised no control nor right of control and for whom the Defendants are not legally responsible and, therefore, the Plaintiff cannot recover against Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. That Plaintiff has failed to plead a cause of action to recover damages pursuant to 42 USC §1983 in Plaintiff's complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. This action should be dismissed based upon the Doctrine of Qualified Immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Defendants Alyssa Congdon and Amanda Cronin are entitled to absolute and/or qualified good faith immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. Defendants' actions were taken in good faith and pursuant to Constitutional and statutory authority. Accordingly, the Defendants have committed no wrongful act of any nature resulting in a violation of Plaintiff's federal or state constitutional rights.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26. An award for punitive damages would violate the New York State and United States Constitution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

27. To the extent that Plaintiff has alleged any pendent claim for a cause of action under the laws of the State of New York against the Defendants herein, Plaintiff has failed to comply with the requirements of §§50-e and 50-I of the General Municipal Law of the State of New York.

### AS AND FOR A NINETH AFFIRMATIVE DEFENSE

28. This action should be dismissed based upon Plaintiff's failure to state of cause of action for constitutional deprivations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

29. To the extent Plaintiff's complaint alleges any cognizable causes of action, said causes of action are barred by applicable statutes of limitation.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

30. In the event any judgment or verdict is rendered in favor of the Plaintiff, County Defendants are entitled to have such judgment or verdict reduced by the amount of any collateral payments made to the Plaintiff for expenses and by the amount of all such payments Plaintiff will receive in the future, pursuant to CPLR §4545.

### AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

31. If the County Defendants are found to be liable for any state law claims, then its liability is fifty percent (50%) or less of the total liability of all persons liable; and pursuant to CPLR Article 16, County Defendants' liability as to non-economic loss, if any, shall not exceed its equitable share thereof.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

32. That the damages or injuries, if any, sustained by the Plaintiff herein were caused in whole or in part by the culpable conduct and fault attributable to the Plaintiff, including but not limited to contributory negligence in failing to exercise ordinary care, want of care, voluntary assumption of the risk of injury, and criminal acts, and the amount recovered, if any, should be diminished by the proportion which the culpable conduct attributed to the Plaintiff, bears to the culpable conduct which caused the damages, if any.

WHEREFORE, your Defendants respectfully requests that a Judgment be entered dismissing the Complaint with costs and disbursements together with an award of attorney's fees and such other and further relief as to the court may seem just and proper.

Dated: December 27, 2024

*Cheryl D. Sullivan*
CHERYL D. SULLIVAN
Broome County Attorney
Bar Roll No. 303062
Broome County Attorney's Office
Broome County Office Building
P.O. Box 1766
Binghamton, NY 13902-1766
(607) 778-2117